Filed 5/2/22  P. v. Velazquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094061 |
| Plaintiff and Respondent, | (Super. Ct. No. CR82006) |
| v. | |
| GUILLERMO VELAZQUEZ, | |
| Defendant and Appellant. | |

In 1989, a jury found defendant Guillermo Velazquez guilty of second degree murder and found true the allegation that a principal in the murder was armed with a firearm.  Defendant appeals the denial of his petition for resentencing pursuant to Penal Code[1] section 1170.95 arguing the trial court improperly conducted a factual analysis at

---

[1]  Undesignated statutory references are to the Penal Code.

1

the prima facie stage. The Attorney General concedes the error. We reverse and direct the trial court to issue an order to show cause under section 1170.95, subdivision (c).[2]

BACKGROUND

We disagree with defendant's and the Attorney General's suggestion that the facts are of no moment here. A brief must "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) Whether defendant has demonstrated a prima facie case and whether the record of conviction refutes that showing as a matter of law requires a familiarity with the underlying facts that support defendant's conviction. We take the facts from our prior opinion in *People v. Velazquez* (May 24, 1990, C005941) [nonpub. opn.] (*Velazquez*).

Defendant and codefendant John Flores killed the victim. On the day of the murder defendant and Flores drove by the home of Shirley R. Apparently there had been a prior disagreement over the men parking in the driveway of that house. The victim and several other people were at the home. The victim asked his brother to whistle for the two men to return. When they returned the victim walked over to the car and spoke to them. Flores shot the victim in the face and then he and defendant drove away. (*Velazquez, supra*, C005941.)

The prosecution filed an information charging defendant and Flores with murder. (§ 187, subd. (a).) It further alleged that Flores personally used a firearm within the meaning of section 12022.5, subdivision (a) and that defendant had two prior felony convictions pursuant to section 667, subdivision (a). At trial, the judge gave the jury instructions on direct aiding and abetting as well as the natural and probable consequences doctrine. The jury found defendant guilty of murder and found true the

---

[2] References in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on this petition. The Legislature further amended section 1170.95, effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised in this appeal.

allegation that a principal was armed with a firearm.  The trial court found true the allegations regarding defendant's prior convictions.  (*Velazquez, supra*, C005941.)

The trial court sentenced defendant to 15 years to life for the murder (§ 187, subd. (a)) plus 11 years for the enhancements under sections 667, subdivision (a) and 12022, subdivision (a).  This court affirmed the conviction on direct appeal.  (*Velazquez, supra*, C005941.)  Our prior decision did not address any legal issue relevant to this appeal.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95, enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Defendant's section 1170.95 petition declared (1) the complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019.  Defendant asked the trial court to appoint counsel for him.  The trial court appointed counsel for defendant and the parties briefed the issues.

The trial court denied the petition, asserting defendant failed to establish he was eligible for relief under section 1170.95.  In making its decision, the trial court recited the facts from this court's prior decision.  The trial court had not instructed the jury on the felony-murder rule, but the jury had been instructed on the natural and probable consequences doctrine.  In analyzing the petition and this court's prior decision, the trial court found that the only crime that could have been the target offense under the natural and probable consequences doctrine was Flores shooting the victim in the head.  Thus, the trial court found a reasonable jury necessarily would have determined, and in this case did determine beyond a reasonable doubt, that defendant acted at least with conscious disregard for human life in that he directly aided and abetted the shooting of

3

the victim. The trial court concluded defendant failed to show he was eligible for relief under section 1170.95.

## DISCUSSION

Defendant argues the trial court erred because it used the substantial evidence standard of review at the prima facie stage. While disagreeing with the theory of error, the Attorney General concedes defendant made a prima facie showing and the trial court's denial of the petition at the prima facie stage was improper because the record of conviction fails to prove defendant is ineligible for relief as a matter of law. We agree with the Attorney General.

Senate Bill 1437 restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) The amended section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also added a petition process under section 1170.95, for those convicted of felony murder or murder under the natural and probable consequences doctrine, to file a petition to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

Upon receipt of the petition, the trial court must appoint defendant counsel if requested, take briefing from the parties, and then determine whether the petitioner made a prima facie showing he or she is entitled to relief. (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960-961 (*Lewis*).) In performing this initial screening, the trial court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 974.) However, a trial court may "rely on the

4

record of conviction in determining whether that single prima facie showing is made."
(*Id.* at p. 970.) If the record of conviction establishes that the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971.) But if, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, subdivision (a), then the trial court must issue an order to show cause. (§ 1170.95, subd. (c); *Lewis,* at p. 971.) The trial court should not reject the petitioner's factual allegations on credibility grounds without holding an evidentiary hearing. (*Lewis,* at p. 971.)

Here, accepting the facts in defendant's petition as true, defendant has made a prima facie showing for eligibility and there is nothing in the record of conviction that establishes defendant is ineligible as a matter of law. In his jury trial, the trial court instructed the jury on the natural and probable consequences doctrine and also direct aiding and abetting. Although the trial court instructed the jury on the valid theory of direct aiding and abetting, there is nothing in the record to conclusively establish the jury necessarily found defendant guilty under that theory.[3] In denying this petition, the trial court impermissibly made factual findings as to how the jury arrived at its guilty verdict. (*Lewis, supra*, 11 Cal.5th at p. 974; § 1170.95, subd. (c).)

Given that defendant has established a prima facie case, and the record does not show he is ineligible as a matter of law, the trial court must issue an order to show cause

---

[3] The Attorney General asserts that several other target crimes could have supported a murder verdict under the natural and probable consequences doctrine, such as making a criminal threat (§ 422), assault with a deadly weapon (§ 245), or nondeadly battery (§ 243). Although the jury instructions on the natural and probable consequences doctrine did not identify the requisite target offense in this case, it was not until *People v. Prettyman* (1996) 14 Cal.4th 248, 274, that the California Supreme Court said a trial court has a duty to identify and describe each potential target offense supported by the evidence. (See *People v. Hickles* (1997) 56 Cal.App.4th 1183, 1194-1195.)

and hold an evidentiary hearing. The prosecution will have to demonstrate beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d).) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed and the matter is remanded for further proceedings.


/S/
MAURO, Acting P. J.


We concur:


/S/
RENNER, J.


/S/
EARL, J.


6